THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re | CHAPTER 13 |
| JONAH S. LAWRENCE, JR., | |
| and | CASE NO. 2-20-BK-11743-EPB |
| TIFFANY G. LAMBERT-LAWRENCE, | **STIPULATED ORDER CONFIRMING CHAPTER 13 PLAN** |
| Debtors. | |

The Chapter 13 Plan having been properly noticed out to creditors and any objection to confirmation having been resolved,

**IT IS ORDERED** confirming the Plan of the Debtors as follows:

(A) **INCOME SUBMITTED TO THE PLAN.** Debtors shall submit the following amounts of future income to the Trustee for distribution under the Plan.

(1) Future Earnings or Income. Debtors shall make the following monthly Plan payments:

| Months | Amount |
|--------|--------|
| 1-2 | $185.00 |
| 3 | $691.00 |

- 1 -

4-60                    $1,211.00

The payments are due on or before the 23th day of each month commencing November 23, 2020. Debtors are advised that when payments are remitted late, additional interest may accrue on secured debts which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before the plan is deemed completed.

Within 14 days of filing them, the Debtors will provide a copy of the 2020 through 2024 federal and state income tax returns to their attorney, who is to provide the returns to the Trustee through www.13documents.com.

(2) Other Property.  The Debtors are required to remit the 2020 net federal and state tax refund to the Trustee within 14 days of receipt. The 2020 net tax refunds will be disbursed for the benefit of non-priority unsecured claims as a supplemental payment. In the event that other property is submitted, it shall be treated as supplemental payments

(B) **DURATION.** This Plan shall continue for 60 months from the first regular monthly payment described in Paragraph (A)(1) above. If at any time before the end of the Plan period all claims are paid, then the Plan shall terminate.  In no event will the term of the Plan be reduced to less than 60 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

(C) **CLASSIFICATION AND TREATMENT OF CLAIMS.** Claims shall be classified as listed below. The Plan and this Order shall not constitute an informal proof of claim for any creditor. This Order does not allow claims. Claims allowance is determined by § 502 and the Federal Rules of Bankruptcy Procedure. The Trustee shall receive the percentage fee on the Plan payments pursuant to 28 U.S.C. § 586(e), then the Trustee will pay secured creditors or allowed claims in the following order:

(1) Administrative expenses:

Attorney Fees. Tom McAvity, shall be allowed total compensation of $4,500.00. Counsel received $16.00 prior to filing this case and will be paid $4,484.00 by the Chapter 13 Trustee.

- 2 -

In re: Lawrence
Case No. 2-20-BK-11743-EPB

(2) <u>Claims Secured by Real Property:</u>

  (a)  Homebridge Financial Services, secured by a first deed of trust in the Debtors'
       residence, shall be paid the prepetition arrearage of $298.13 with 0% interest.
       Regular post-petition payments will be made directly by the Debtors to the
       secured creditor.  Any post-petition mortgage fees and expenses shall be paid
       directly by the Debtors to the secured creditor.

(3) <u>Claims Secured by Personal Property:</u>

  (a)  Santander Consumer USA Inc. dba Chrysler Capital, secured by a lien in 2017
       Dodge Ram, shall be paid a secured claim of $32,250.00 with 6% interest. The
       creditor will receive adequate protection payments of $322.50 per month. The
       balance of the debt shall be classified as unsecured.
  (b)  Singh Motorsports, secured by a lien in 2007 Chevy Suburban, shall be paid a
       secured claim of $7,900.00 with 6% interest. The creditor will receive adequate
       protection payments of $200.00 per month. The balance of the debt shall be
       classified as unsecured.

(4) <u>Unsecured Priority Claims:</u>

  (a)  None.

(5) <u>Surrendered Property:</u>

  Upon confirmation of this plan or except as otherwise ordered by the Court,
  bankruptcy stays are lifted as to collateral to be surrendered. Such creditor shall
  receive no distribution until the creditor timely files a claim or an amended proof of
  claim that reflects any deficiency balance remaining on the claim. Assuming the
  creditor has an allowed proof of claim, should the creditor fail to file an amended

- 3 -

In re: Lawrence
Case No. 2-20-BK-11743-EPB

claim consistent with this provision, the Trustee need not make any distributions to that creditor. Debtors surrender the following property:

(a) The Debtors will surrender Timeshare in which Diamond Resorts Financial Services has a security interest.

(b) The Debtors will surrender Timeshare in which Diamond Resorts Financial Services has a security interest.

(c) The Trustee has determined that the timeshares are burdensome to the estate and thus they are surrendered directly to the secured lender.

(6) Other Provisions: None.

(7) Unsecured Nonpriority Claims. Claims allowance is determined by § 502 and the Federal Rules of Bankruptcy Procedure. Allowed unsecured claims shall be paid pro rata the balance of the payments under the Plan and any unsecured debt balance remaining unpaid upon completion of the Plan may be discharged as provided in 11 U.S.C. § 1328.

(D) **EFFECTIVE DATE AND VESTING.** The effective date of the Plan shall be the date of this Order. Property of the estate vests in Debtors upon confirmation, subject to the rights of the Trustee to assert a claim to any additional property of the estate pursuant to 11 U.S.C. § 1306.

RB

---

**ORDER SIGNED ABOVE**

---

Approved as to Form and Content By:

Rachel Flinn
R. Fl.  13  2021.04.19
10:08:40
-07'00'
_____
Russell Brown, Trustee

- 4 -

In re: Lawrence
Case No. 2-20-BK-11743-EPB

_[signature]_

Tom McAvity
Attorney for Debtors

_____
JANET M. SPEARS
Attorney for HomeBridge Financial Services, Inc.

_[signature]_

James Ball
Attorney for Santander Consumer USA Inc. dba Chrysler Capital

The Debtors certify: All required State and Federal Income tax returns have been filed No domestic support obligation is owed or, if owed, such payments are current since the filing of the Petition.

_____
JONAH S. LAWRENCE, JR., Debtor

_____
TIFFANY G. LAMBERT-LAWRENCE, Debtor

- 5 -

In re: Lawrence
Case No. 2-20-BK-11743-EPB

| | |
|---|---|
| 1 | |
| 2 | |
| 3 | _____ |
| 4 | Tom McAvity<br>Attorney for Debtors |
| 5 | |
| 6 | |
| 7 | *[signature]* |
| 8 | JANET M. SPEARS<br>Attorney for HomeBridge Financial Services, Inc. |
| 9 | |
| 10 | |
| 11 | _____ |
| 12 | James Ball<br>Attorney for Santander Consumer USA Inc. dba Chrysler Capital |
| 13 | |
| 14 | |
| 15 | |
| 16 | The Debtors certify: All required State and Federal Income tax returns have been filed No |
| 17 | domestic support obligation is owed or, if owed, such payments are current since the filing of the<br>Petition. |
| 18 | |
| 19 | |
| 20 | _____ |
| 21 | JONAH S. LAWRENCE, JR., Debtor |
| 22 | |
| 23 | _____ |
| 24 | TIFFANY G. LAMBERT-LAWRENCE, Debtor |
| 25 | |
| 26 | |
| 27 | - 5 - |
| 28 | In re: Lawrence<br>Case No. 2-20-BK-11743-EPB |

_____

Tom McAvity
Attorney for Debtors


_____

JANET M. SPEARS
Attorney for HomeBridge Financial Services, Inc.


_____

James Ball
Attorney for Santander Consumer USA Inc. dba Chrysler Capital


The Debtors certify: All required State and Federal Income tax returns have been filed No domestic support obligation is owed or, if owed, such payments are current since the filing of the Petition.


_____

JONAH S. LAWRENCE, JR., Debtor


_____

TIFFANY G. LAMBERT-LAWRENCE, Debtor

- 5 -

In re: Lawrence
Case No. 2-20-BK-11743-EPB